IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMIE S.,[1]<br><br>Plaintiff,<br><br>vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | 8:25CV321<br><br>ORDER ON MOTION DEFENDANT'S UNOPPOSED MOTION TO REVERSE AND REMAND PURSUANT TO SENTENCE FOUR OF 42 U.S.C. § 405(G) |

This is an action for judicial review of the Commissioner's final decision denying plaintiff Jamie S.'s application for disability insurance and supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and 42 U.S.C. §§ 1381 *et seq.*, respectively. It is now before the Court on the Commissioner's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g). Filing 25. The Commissioner states,

> [T]he Commissioner respectfully requests the Court to issue an order reversing and remanding this case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g). The Commissioner also requests that the Court enter a separate judgment ending this case pursuant to Fed. R. Civ. P. 58.1 *See Shalala [v. Shaefer]*, 509 U.S. [292,] 297-303 [(1993)] (an EAJA fee application must be filed within 30 days of entry of a judgment pursuant to an order remanding the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)); see also Fed. R. App. P. 4(a)(1), (7) (60-day appeal time begins to run only after entry of judgment in compliance with Fed. R. Civ. P. 58).

Filing 25 at 1–2. The Commissioner's counsel represents that plaintiff does not oppose this Motion. Filing 25 at 1.

---

[1] The Court will refer to Plaintiff by first name and first initial of last name to protect her privacy.

Sentence four of § 405(g) states, "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). "Remand under sentence four terminates the court's jurisdiction, while remand under sentence six does not." *Travis v. Astrue*, 477 F.3d 1037, 1039 (8th Cir. 2007) (citing *Shalala v. Schaefer*, 509 U.S. 292, 301 (1993)). Indeed, the Eighth Circuit Court of Appeals has explained,

> According to the Supreme Court, "[i]mmediate entry of judgment ... is in fact the principal feature that distinguishes a sentence-four remand from a sentence-six remand." *Shalala*, 509 U.S. at 297, 113 S.Ct. 2625 (citing *Melkonyan [v. Sullivan]*, 501 U.S. [89,] 101–02, 111 S.Ct. 2157 [(1991)]). A substantive ruling on the merits of the case is a second factor distinguishing sentence-four from sentence-six remands. *Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157 (recognizing that in the case of sentence-six remands, "[t]he district court does not affirm, modify, or reverse the [Commissioner's] decision; it does not rule in any way as to the correctness of the administrative determination"); *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000) (citing *Melkonyan*, 501 U.S. at 98, 111 S.Ct. 2157).

*Pottsmith v. Barnhart*, 306 F.3d 526, 528 (8th Cir. 2002). Thus, where the district court makes a ruling reversing and remanding the case for further administrative proceedings, the remand "fits squarely within the definition of a sentence-four remand." *Id.* That is the situation in this case, where the Court now reverses the Commissioner's administrative decision and remands the case to the Commissioner for further proceedings. As the statute indicates, a separate judgment pursuant to this Order remanding the case is appropriate. *See* 42 U.S.C. § 405(g); *Pottsmith*, 306 F.3d at 528; Filing 13 at 2.

Upon the foregoing,

IT IS ORDERED that the Commissioner's Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 25, is granted, the administrative decision of the Commissioner denying the claimant's application for disability insurance benefits and

supplemental security income benefits is reversed, and this case is remanded to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Consequently, Jamie S.'s Motion for an Order Reversing the Commissioner's Decision, Filing 16, is denied as moot.

IT IS FURTHER ORDERED that a separate Judgment shall enter accordingly.

Dated this 9th day of January, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge