IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JAMIE S.,<br><br>   Plaintiff,<br><br> vs.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>   Defendant. | **8:25CV321**<br><br><br>**ORDER ON PLAINTIFF'S PETITION FOR ATTORNEY FEES UNDER EAJA** |

This action for judicial review of the administrative denial of social security disability insurance benefits and supplemental security income benefits is before the Court on Plaintiff's Petition for Attorney's Fees under 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA), Filing 28, after a "sentence four" remand to the Commissioner for further proceedings. Filing 26 (decision); Filing 27 (Judgment). Plaintiff requests attorney's fees in the amount of $3,801.33. Filing 28 at 2.

In a Response, the Commissioner states that he does not object to an award of attorney's fees in this amount. Filing 29 at 1. The Commissioner states,

> Defendant respectfully requests that the court enter an order specifically awarding attorney fees of $3,801.33 to be paid by the Social Security Administration. In accordance with Astrue v. Ratliff, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States.

Filing 29 at 1.

The Equal Access to Justice Act (EAJA) is codified in part at 28 U.S.C. § 2412(d). In pertinent part, § 2412(d) provides as follows:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review

1

of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1).

The Eighth Circuit Court of Appeals has explained,

A claimant's attorney may seek fee awards under both the EAJA and § 406(b)(1)(A), but the attorney must refund to his client the smaller of the fee awards. "Thus, an EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796, 122 S.Ct. 1817, 152 L.Ed.2d 996 (2002) (cleaned up).

*Kertz v. Colvin*, 125 F.4th 1218, 1219 n.3 (8th Cir. 2025)

The Eighth Circuit has also explained,

Although a social security claimant may be a prevailing party for purposes of the EAJA, a fee award under the EAJA is not available unless the Commissioner lacked substantial justification for her position. 28 U.S.C. § 2412(d)(1)(A). A position enjoys substantial justification if it has a clearly reasonable basis in law and fact. *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). Accordingly, the Commissioner can advance a losing position in the district court and still avoid the imposition of a fee award as long as the Commissioner's position had a reasonable basis in law and fact. *Id.* Further, a loss on the merits by the Commissioner does not give rise to a presumption that she lacked substantial justification for her position. *Keasler v. United States*, 766 F.2d 1227, 1231 (8th Cir. 1985). The Commissioner does, however, at all times bear the burden to prove substantial justification. *Id.*

*Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005). The Supreme Court has observed that "[n]o holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of § 405(g)." *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993); *Pottsmith v. Barnhart*, 306 F.3d 526, 529 (8th Cir. 2002) (quoting *Schaefer*, 509 U.S. at 300). An award of attorney's fees pursuant to the EAJA "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." *Astrue v. Ratliff*, 560 U.S. 586, 589 (2010).

Here, Jamie S. obtained a remand pursuant to sentence four of § 405(g), Filing 26 at 2–3 (decision); Filing 27 (Judgment), so he is a "prevailing party" within the meaning of the EAJA. *Schaefer*, 509 U.S. at 300. The Court recognizes that the Commissioner did not admit that its position was not substantially justified in either his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 24, his supporting Brief, Filing 25, or his Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act, Filing 29. Nevertheless the Commissioner has conceded Jamie S.'s status as a prevailing party by filing an Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), Filing 24, and by not opposing the award of EAJA fees, Filing 29. Also, the Commissioner stated in his Unopposed Motion to Reverse and Remand Pursuant to Sentence Four of 42 U.S.C. § 405(g), that he "request[ed] the Court to remand this case to allow the Commissioner to conduct further proceedings pursuant to sentence four of 42 U.S.C. § 405(g) and Melkonyan v. Sullivan, 501 U.S. 89 (1991)." Filing 24 at 1. Thus, by conceding the need for remand and by not opposing the award of fees pursuant to the EAJA, the Commissioner has conceded that his position was not "substantially justified."

The remaining issue is the amount of the award. The Court must allow fees for hours that "reasonably and adequately account[ ] for the attorney's court-related services." *Stockton v. Shalala*, 36 F.3d 49, 50 (8th Cir. 1994). As to the hourly rate, "[t]he statutory rate for attorney fees for a prevailing social security claimant is '$75 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.'" *Stockton*, 36 F.3d at 50 (quoting 28 U.S.C. § 2412(d)(2)(A)(ii)). In this case, Plaintiff's counsel seeks an adjusted hourly rate of $258.46 for 14.1 hours worked by lead and co-counsel in 2025, for a subtotal of $3,644.29, and an

3

hourly rate of $261.74 for 1.3 hours worked by lead counsel in 2026, for a subtotal of $157.04. Filing 28-2. These amounts result in a grand total of $3,801.33 for compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 USC § 2412(d). Filing 28 at 2; Filing 28-2. The Court finds that this award is appropriate under the EAJA as to hours and hourly rates.

Finally, Plaintiff requests that the attorney's fees award be delivered to Kappelman Law Firm. Filing 28 at 2. The Commissioner requests that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee be paid by the Social Security Administration, made payable to Plaintiff as the litigant, and may be subject to offset to satisfy any pre-existing debt that the litigant may owe to the United States. Filing 29 at 1.

Accordingly, upon the foregoing,

IT IS ORDERED that Plaintiff's Petition for Attorney's Fees under 28 U.S.C. § 2412(d) (EAJA), Filing 28, is granted, and plaintiff Jamie S. is awarded $3,801.33 in attorney's fees pursuant to 28 U.S.C. § 2412(d).

IT IS FURTHER ORDERED that

1.      the attorney's fees award shall be paid from the Social Security Administration, shall be made payable to Plaintiff (using his full name), and shall be delivered to Kappelman Law Firm, if the U.S. Treasury determines that Plaintiff does not owe a federal debt;

2.      payment of the attorney's fees in the amount specified shall constitute a complete release from and bar to any and all claims Plaintiff may have relating to attorney fees under the EAJA in connection with this action; but

3.      this award is without prejudice to the rights of Plaintiff's counsel to seek Social Security Act attorney fees under 42 U.S.C. § 406, subject to the provisions of the EAJA.

Dated this 21st day of April, 2026.

BY THE COURT:

Brian C. Buescher
United States District Judge